NO. 07-02-0197-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 21, 2002

_____

ROY DAY AND $750 CASH BOND, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 154TH DISTRICT COURT OF LAMB COUNTY;

NO. 3196-A; HONORABLE FELIX KLEIN, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Proceeding *pro se*, appellant Roy Day filed a motion for new trial indicating an intent to appeal from the trial court's default judgment. The motion for new trial/notice of appeal was untimely filed and thus, we must dismiss this proceeding for want of jurisdiction.

On March 4, 2002, the trial court signed a default judgment against Day for forfeiture of a $750 bond for failing to appear to answer a felony charge. On April 19,

2002, Day filed a motion for new trial alleging he had not received notice of the trial setting and claiming that he was in the county jail at the time of trial.  He also indicated that his failure to appeal was not intentional.

By letter dated August 1, 2002, this Court notified Day of the defect and asked that he explain why this proceeding should not be dismissed for want of jurisdiction.  Day responded and requested that his appeal not be dismissed because he was hospitalized from a heart attack.  Whether the document filed by Day is interpreted as a motion for new trial or a notice of appeal, it is untimely because either would have needed to be filed by April 3, 2002, within 30 days after the default judgment was signed.  *See* Tex. R. Civ. P. 329b(a); *see also* Tex. R. App. P. 26.1.  The document filed on April 19, 2002, does not invoke our jurisdiction.

Accordingly, the purported appeal is dismissed for want of jurisdiction.

Don H. Reavis
Justice

Do not publish.